UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RONALD S. HOOKER., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-121 |
| | § | |
| U.S. BANK TRUST, N.A. *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

On February 29 2016, Ronald S. Hooker, Plaintiff, filed a lawsuit in the 412th Judicial District Court of Brazoria County, Texas, naming "LSF9 Master Participation Trust" and Caliber Home Loans as Defendants. Dkt. 1-3. Hooker, proceeding *pro se*, brought a claim for "economic loss sustained [ ] as a result of Defendant not giving me notice that they were transferring the account to another financial service company." Specifically, Hooker sought damages for "reasonable and necessary past and future expenses," as well as past lost earnings; diminished earning capacity; and past and future physical pain, suffering, and mental anguish, disfigurement, and physical impairment. Defendants, Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust ("U.S. Bank") (collectively, "Defendants") removed the lawsuit to this Court on May 5, 2016. Dkt. 1.

Defendants now seek summary judgment on Hooker's claim against them. After reviewing the motion, the pleadings in this case, and the applicable authorities, the Court

finds that there is no genuine dispute of material fact as to Hooker's claim, and that Defendants' motion for summary judgment should be **GRANTED**.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers v. Bromac Title Servs., LLC*, 755 F.3d 347, 350 (5th Cir. 2014). All facts and inferences are construed in the light most favorable to the nonmoving party. *Id*. The burden of establishing the lack of a genuine dispute of material fact rests upon the movant—even when a non-movant fails to respond to a motion for summary judgment, the Court does not grant summary judgment by default. *See, e.g., Davis–Lynch, Inc. v. Moreno*, 667 F.3d 539, 550 (5th Cir. 2012) ("the moving party has the burden of establishing that there is no genuine dispute of material fact; and, unless that party does so, a court may not grant the motion, regardless whether any response is filed.").

## ANALYSIS

Defendants contend that they are entitled to summary judgment on Hooker's claim that they failed to provide him with notice of the transfer of his home mortgage because the uncontroverted summary judgment evidence shows that they did, in fact, send him notice. As summary judgment evidence in support of their motion, Defendants attached the affidavit of Nathaniel Mansi, an employee of Caliber working as a Default Service Officer, who states that he has personal knowledge of the operations and actions of

Caliber with respect to Hooker's loan. Mansi also attests that he has reviewed Caliber's business records, and that Caliber's business records include a copy of a document that was mailed to Hooker on October 31, 2014, entitled "NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN." This document informed Hooker that "LSF9 Master Participation Trust now owns your loan" and that the servicer of the Loan was "Caliber Home Loans, Inc." The document also gave the "payment mailing address" for mortgage payments, which was Caliber's address in Dallas, Texas, as well as Caliber's "correspondence address" in Oklahoma City, Oklahoma.

No objection has been raised to this summary judgment evidence, and the Court finds that this is competent summary judgment evidence that supports a finding in Defendants' favor on Hooker's sole claim that he was not notified of the transfer. Accordingly, because there is no genuine dispute of material fact on Hooker's sole claim, the Court finds that Defendants are entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendants' motion for summary judgment, Dkt. 13.

Final judgment shall be entered separately.

SIGNED at Galveston, Texas, this 7th day of July, 2017.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge